UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Natosha Dunston

Plaintiff, **1:26 –cv- 05476-TAM**

-against-

**ANSWER TO COMPLAINT AND CROSSCLAIM**

Blue Corner Inc. and
Four & Twenty Blackbirds, Inc.

Defendants

---

**PLEASE TAKE NOTICE** that Defendant Blue Corner Inc. (hereinafter "Defendant BC") hereby appears in this proceeding by its attorney, Glenn D. Wright of the Wright Law Firm, PC, and demands that all papers in this action be served upon its attorneys at the address set forth below.

PLEASE TAKE FURTHER NOTICE that Defendant BC, for its Answer to the Complaint, states as follows:

1. Paragraph 1 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

2. Defendant BC admits that the Subject Premises is at 439 3rd Avenue, Brooklyn, New York 11215. Paragraph 2 of the Complaint contains legal conclusions or assertions to which no response is required.

3. Defendant BC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint. Paragraph 3 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

4. Defendant BC admits the allegation contained in Paragraph 4 of the Complaint that its address is 439 3rd Avenue, Brooklyn, New York 11215. Paragraph 4 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

5. Defendant BC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the Complaint. Paragraph 5 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

6. Defendant BC denies the allegations contained in Paragraph 6 of the Complaint.

**Factual Allegations and Claim.**

7. Defendant BC denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant BC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint and

otherwise Defendant BC denies the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

10. Defendant BC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint and otherwise Defendant BC denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant BC denies the allegations contained in Paragraph 11 of the Complaint.
12. Defendant BC denies the allegations contained in Paragraph 12 of the Complaint.
13. _Defendant BC denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant BC repeats and realleges all answers contained herein in Paragraphs "1" through "13" as if outlined in their entirety herein.

15. Defendant BC denies, upon information and belief, the allegations in Paragraph 15 of the Complaint; otherwise, Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

16. Paragraph 16 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

17. Paragraph 17 of the Complaint contains legal conclusions or assertions to which no response is required. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

18. Defendant BC denies the allegations in Paragraph 18 of the Complaint, except as otherwise stated. Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

19. Defendant BC denies, upon information and belief, the allegations in Paragraph 19 of the Complaint.

20. Defendant BC denies, upon information and belief, the allegations in Paragraph 20 of the Complaint.

21. Defendant BC denies, upon information and belief, the allegations contained in Paragraph 21 of the Complaint.

22. Defendant BC denies, upon information and belief, the allegations contained in Paragraph 22 of the Complaint; respectfully refers all questions of law and fact to this Honorable Court.

23. Defendant BC denies, upon information and belief, the allegations in Paragraph 23 of the Complaint; otherwise, Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

24. Defendant BC denies, upon information and belief, the allegations in Paragraph 24 of the Complaint; otherwise, Defendant BC respectfully refers all questions of law

and fact to this Honorable Court.

25. Defendant BC denies, upon information and belief, the allegations in Paragraph 25 of the Complaint; otherwise, Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

26. Defendant BC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint; further, Defendant BC respectfully refers all questions of law and fact to this Honorable Court.

**AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT FOUR & TWENTY BLACKBIRDS, INC.**

27. Defendant BC repeats and realleges each of the Responses to Paragraph "1" through Paragraph "26" to the allegations contained in the Complaint.

28. Defendant BC and Defendants Emily Elsen, Melissa Elsen, and Four & Twenty Blackbirds Corp. (hereinafter the "Blackbirds") entered into a lease dated January 1, 2010. Original Tenant assigned the lease to Tenant. On August 1, 2013, Landlord and Tenant entered into a Rider to add additional 2nd floor space ("2nd Floor Space") in the Building., The Landlord and Tenant then entered into an amendment dated December 31, 2019. The Original Lease, Riders and all amendments and addenda thereto are collectively referred herein as the "Lease".

29. Article 16 in the Amendment of Lease requires the co-Defendant Blackbirds to "comply with all applicable present and future laws, orders, regulations of all state, federal, municipal, and local governments, departments, commissions and

boards", applicable to the Demised Premises or to Tenant's occupation thereof, including the ADA.

30. Further, pursuant to Article 16, Tenant shall perform all remediations to bring Premises compliant with the Americans with Disabilities Act.

31. Article 17 of the Lease Rider dated January 1, 2010 states that "Tenant shall indemnify and hold Landlord Harmless from and against claims, actions, demands, expenses and judgments for loss, damages, or injury" resulting from Tenant's use of the Premises.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff lacks standing to bring the above action under the Americans with Disabilities Act.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not, upon information and belief, proximately caused by any conditions at the Defendant BC's Building, or any unlawful policy or conduct promulgated and/or tolerated by Defendant BC.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is presented in conclusory and vague terms, which prevent Defendant BC from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and relevant case law, Defendant BC reserves the right to assert additional defenses or claims that may become known during the course of discovery or litigation and pursues any available counterclaims against Plaintiff.

**WHEREFORE**, Defendant Blue Corner Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayers for relief, grant Defendant Blue Corner Inc.'s cross-claim in its entirety and award Defendant Blue Corner Inc. its claims, actions, demands, expenses and judgments for loss, damages, or injury, its costs, and reasonable attorney's fees incurred in defense of this action, and grant such other and further relief as the Court deems just and proper.

{Signatures on following page}

Date: October 9, 2026.

WRIGHT LAW FIRM PC

By: /s/ *Glenn D. Wright*
Glenn D. Wright
60 East 42nd Street, Suite 46
New York, New York 10016
(212) 619-1500
Bar No. 2293991
gw@wrightlawfirmnyc.com
Attorney for Defendant
BLUE CORNER INC.

VIA ECF TO:
ARDUCCI LAW FIRM, PLLC
By: /s/ *Maria-Costanza Barducci*
Maria-Costanza Barducci, Esq.
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com